**TEXAS AUTOMATIC SPRINKLER COMPANY, Appellant,**

v.

**EALAND–WOOD LUMBER COMPANY, Appellee.**

No. 6062.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 10, 1957.

Rehearing Denied Jan. 30, 1957.

Chaney & Harless, Dallas, for appellant.

Reavley & Barber, Jasper, for appellee.

HIGHTOWER, Justice.

This is an appeal from an order of the court below overruling appellant's plea of privilege to transfer said cause to the county of its (undisputed) residence, Dallas, Texas.

The suit was filed in Jasper County, Texas, by appellee to rescind a contract and, for retention thereof in said county, he has plead Sec. 5 of Art. 1995, Vernon's Ann. Civ.St. as amended, 1935.

Appellee plead, and introduced unsigned copies (after appellant's denial of, and failure to produce the originals upon notice) of three instruments contended to be one integrated contract—Exhibits A, B and C.

Exhibit A was a conventional proposal embodying substantially, as admitted by the litigants, the essential features of the final contract. It made no mention of fire insurance savings.

Exhibit B was a statement from appellee accepting the proposal *providing* the installations under the contract would effect a fire insurance premium savings to appellee. Appellee testified that he signed and delivered it to appellant's procuring agent.

Exhibit C was the final contract whereby appellant was to install a fire protection sprinkler system in appellee's lumber mill in Jasper County, Texas. This final contract

made no reference to a fire insurance savings.

Both litigants acknowledge that the sprinkler system was completely installed, after which appellee paid according to the full tenor of the contract.

It is believed that comment on the trial court's propriety in allowing the introduction, over appellant's repeated objections, of the foregoing instruments is unnecessary, as is the determination of whether said letter of acceptance was a binding and integrated part of the final contract.

It appears that much litigation was occasioned by the 1935 amendment of Sec. 5. A great many advocates have quite reasonably assumed the added expression "upon or by reason of such obligation" to be an enlargement of a plaintiff's privilege.

The Supreme Court, speaking through Justice Garwood in Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120, 123, observed:

"Whatever theoretically might be a suit, which is not one 'upon' a particular obligation but is yet a suit 'by reason of' that obligation, it has already been judicially determined * * * that its purpose was merely to restrict the scope of the venue exception in question to cases in which the county of performance of the obligation in a suit or a specific place therein should be expressly named in the contract. * * * The 'or by reason of' phrase does not therefore make any alteration of the law as it existed prior to the amendment."

Appellee sues not for damages for breach, nor on covenants of performance in Jasper County. He sued to recover money paid under the contract. Appellant not having signed an agreement in writing to make such refund, upon default, in Jasper County, is squarely within the protection of the holdings in Johnston v. Bracht and Slagle v. Clark, Tex.Civ.App., 237 S.W.2d 364 and 430, respectively, wherein it was held, in sustaining pleas of privilege, that the return of the money was the particular obligation to be enforced by the suit, and it becomes immaterial that some other obligation of the contract is to be performed in the named county. McKinney v. Moon, Tex. Civ.App., 173 S.W.2d 217; Southwestern Peanut Growers Association v. Kendrick, Tex.Civ.App., 183 S.W.2d 1019, writ dism.

Appellee has forcefully presented the Commission of Appeals cases of Petroleum Producers Company v. Steffens, 139 Tex. 257, 162 S.W.2d 698, and Farmers Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675, but we do not believe they are applicable to the case before us. In accordance with the foregoing opinion, the judgment of the trial court is reversed and the cause is ordered transferred to Dallas County.

Reversed and rendered.