**A & S STEEL BUILDINGS, INC.,**
Appellant,

v.

**Leon BURK, Individually and d/b/a Leon Burk Construction Company, Appellee.**

No. 7454.

Court of Civil Appeals of Texas.

Amarillo.

March 22, 1965.

Rehearing Denied April 26, 1965.

Clayton, Kolander, Moser & Templeton, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellee.

DENTON, Chief Justice.

This is an appeal from an order of the trial court sustaining the plea of privilege filed by appellee and transferring the case to the District Court of Tom Green County, Texas. Appellant filed suit against appellee for $1,439.32 and attorney's fees for certain building materials furnished under an alleged written contract between the parties. Appellee's plea of privilege was duly controverted by appellant in which they rely on Subdivision 5 of Article 1995, Vernon's Ann.Civ.St. The trial court, without a jury, sustained the plea of privilege and ordered the case transferred to Tom Green County, the legal residence of appellee.

On April 4, 1963, the parties entered into a written contract whereby appellant sold material for a rigid frame steel building to appellee for the sum of $8,577.00. The material was delivered to appellee at Big Springs, Texas, in accordance with the terms of the contract, and it is undisputed this amount has been paid by appellee. Subsequent to the execution of the contract and prior to the delivery of the material, appellee orally ordered some extra material valued at $144.68. Still later appellee informed appellant the roofing sheets were damaged in shipment and requested replacements. Additional roofing sheets valued at $1,294.64 were then shipped to appellee. The alleged value of these two shipments is the subject matter of this suit.

■ A provision of the April 4 contract, which was placed in evidence without objection, reads:

"1. The contract price and any and all sums of money to become due hereunder by Buyer to Seller shall be payable, and Buyer promises to pay the same, at the office of Seller in Amarillo, Potter County, Texas."

Unquestionably the contract is performable in Potter County, Texas. In order for a case to come within Subdivision 5 of the venue statute the suit must be to enforce a particular obligation which the contract requires to be performed in the particular county expressly named. Slagle v. Clark, (Tex.Civ.App.), 237 S.W.2d 430; Cunningham v. Allison, (Tex.Civ.App.), 202 S.W.2d 297. It is immaterial that some obligations imposed by a written contract are required to be performed by one or the other party in a particular county; the material and controlling fact being that the particular obligation sought to be enforced by the suit is required by the contract to be performed in a particular county. McKinney v. Moon, (Tex.Civ.App.), 173 S.W.2d 217; May v. Perkin, (Tex.Civ.App.), 227 S.W.2d 393; Rogers v. Waters, (Tex.Civ.App.), 262 S.W.2d 521.

The principal question is whether or not the subsequent purchases by appellee are an obligation under the contract. In our opinion the subsequent purchases, which is the subject matter of this suit, are not included in the written contract. The additional material shipped to appellee was not material contracted for in the April 4 contract. It is admitted appellee has paid the full amount called for in that contract. Appellant argues in effect that the obligation of payment for the additional material arose "by reason of" the written contract and is such as to bring the suit within Subdivision 5. The contention has been rejected by the Supreme Court. Rorschach v. Pitts, 151 Tex. 215, 248 S.W. 2d 120. Being of the opinion the obligation sued upon is not one required by the contract to be performed in Potter County, the plea of privilege was properly sustained.

The judgment of the trial court is affirmed.