**VAQUERO DRILLING COMPANY,**
Appellant,

v.

**Roy ADCOCK, d/b/a Adcock Pipe and Supply, Appellee.**

No. 14859.

Court of Civil Appeals of Texas,
San Antonio.

April 30, 1970.

---

McDonald, Spann & Smith, Corpus Christi, for appellant.

Burris & Burris, Alice, for appellee.

KLINGEMAN, Justice.

A venue action involving Subd. 5, Art. 1995, Vernon's Ann.Civ.St. Appellee, Roy Adcock, d/b/a Adcock Pipe & Supply, filed this suit in Jim Wells County seeking to recover on a sworn account for the rental to appellant of certain oil field equipment. Appellant, Vaquero Drilling Company, a resident of Nueces County, timely filed its plea of privilege and has perfected this appeal from the action of the trial court in overruling such plea of privilege after a non-jury hearing.

To sustain venue under Subd. 5, supra, it is necessary to prove: (I) that the defendant is a party reached by the statute; (II) that the claim is based on a written contract; (III) that the contract was entered into by the defendant or by one authorized to bind him, or was assumed or ratified by him; (IV) that the contract by its terms provides for performance of the obligation sued upon in the county of suit. Covington-Compton Company, Inc. v. Medina Agriculture Products, 425 S.W. 2d 694 (Tex.Civ.App.—San Antonio 1968, no writ); McDonald, Texas Civil Practice, § 4.11.1; Clark, Venue in Civil Actions, Chap. 5, § 6.

The equipment was ordered by telephone from appellee; however, a delivery slip was signed by the persons receiving the equipment on behalf of appellant and such delivery slips contained a promise to pay for such equipment "at Alice, Jim Wells County, Texas." There is testimony that such equipment was used by appellant and some payment made on the invoices submitted by appellee.

Appellant asserts on this appeal that there is no evidence to show that the person signing for such equipment was an authorized agent of appellant, and, furthermore, that the evidence of partial payment by appellant is based entirely on hearsay.

Appellee alleged by his sworn petition that the account was based upon a written contract signed by appellant's agents, servants, or employees. Appellant filed a formal plea of privilege and, subject thereto, a general denial. There was no verified denial of the justness of the account, nor was there a verified denial of the authority of such agent to bind appellant. Rule 93, Texas Rules of Civil Procedure requires that such denials be verified by affidavit. In Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 (1956), the Supreme Court considered whether a formal plea of privilege was sufficient to put in issue those matters required to be verified under Rule 93, su-

pra. It was there held that when a venue fact is one which can be put in issue only by a verified pleading and the defendant does not interpose such a plea, the plaintiff is not required to prove same.

Since appellant did not deny by verified pleading the authority of the agents who signed the delivery slips, appellee was not required to show such authority at the hearing on the plea of privilege. Red Fish Boat Company v. Jarvis Press, Inc., 361 S.W.2d 588 (Tex.Civ.App.—Dallas 1962, no writ); First National Bank in Pleasanton v. Southwestern Investment Company, 301 S.W.2d 192 (Tex.Civ.App.—Amarillo 1957, writ dism'd); McDonald, Texas Civil Practice, § 4.11.4.

In this situation, it is unnecessary to consider whether the persons signing the delivery slips and thereby agreeing to pay for such equipment in Jim Wells County were authorized by appellant to execute such agreement or whether appellant ratified such written agreement by its subsequent conduct.

The order of the trial court overruling appellant's plea of privilege is affirmed.