**GENERAL MOTORS CORPORATION,**
**Appellant,**

v.

**Mary Margaret BRADY et al., Appellees.**

**No. 602.**

Court of Civil Appeals of Texas, Tyler.

Feb. 3, 1972.

Fairchild, Hunt & Price, John L. Price, Center, for appellant.

Bert Creel, Tyler, for appellees.

McKAY, Justice.

This is a venue case. The trial court overruled appellant's plea of privilege to be sued in Dallas County, the place of its residence in Texas, and thus this appeal. Appellant predicates its appeal upon fourteen points which complain of the sufficiency of the evidence to sustain the trial court's finding that venue was sustainable in Cherokee County. More specifically he complains of the sufficiency of the evidence to sustain the trial court's implied findings that venue was sustainable under subdivisions 5, 9a, 27, 29a, of Article 1995, Vernon's Ann.Tex.Civ.St. After reviewing the record and the arguments, we have concluded that the judgment of the trial court should be reversed for the reasons hereinafter stated.

The suit was instituted by appellees to recover damages to property and for personal injuries from appellant, General Motors Corporation, and from G & H Motors, Inc. The record reflects that in April, 1969, appellee, Mary Margaret Brady and her husband, received a letter from appellant, General Motors Corporation, informing them of a "replacement campaign" of the "flexible front brake hoses" that had been originally installed on their 1966 model Pontiac. The form letter was apparently machine addressed to Ed H. Brady, Jr. but its salutation was addressed, "Dear Pontiac Owner." The body of the letter contained the following information: that it had been determined that the flexible front brake hoses originally installed on appellees' model car, after extensive usage under certain conditions, fatigued, which could lead to brake failure; that to prevent this possibility these hoses should be replaced; it directed Pontiac owner to take his car to his nearest Dealer where the aforementioned hoses would be replaced at no cost to the owner. The record shows that on May 26, 1969, in response to the letter, appellees' car was taken to G & H Motors where the replacement work took place, and, that on May 27, 1969, appellee, while turning into her driveway, experienced a brake failure on her automobile which caused the car to collide with the back of her garage, causing property damage and personal injuries. L. H. Holcomb, President of G & H Motors, testified by deposition. Questioned as to the cause of the brake failure, Holcomb testified the failure of the brakes resulted from a loss of brake fluid, caused by the failure of the mechanic making the replacement on appellees' automobile to properly tighten the connection on the brake hoses.

It is appellees' contention, among others, that this is a suit upon a contract and that therefore subdivision 5 of Article 1995, V.A.T.S., should be sustained as the applicable exception to the "exclusive venue rule" and thereby holding venue in Cherokee County. In order to sustain any exception to the exclusive venue rule, it is necessary for the party relying upon such exception to set out in its controverting plea and then to prove, upon a hearing, certain venue facts. The necessary venue facts which must be alleged and shown by sufficient evidence in order to sustain venue under subdivision 5 are as follows: (1) that the defendant is a party reached by the statute; (2) that the claim is based on a written contract; (3) that the contract was entered into by the defendant or by one authorized to bind him, or was assumed or ratified by him; (4) that the

contract by its terms provides for performance of the obligation sued upon in the county of suit. McDonald, Texas Civil Practice, section 4.11.1; Vaquero Drilling Co. v. Adcock, 453 S.W.2d 908 (Tex.Civ. App., San Antonio, 1970, no writ history). Assuming, arguendo, but not reaching the question, that this is in fact a suit upon a contract, we hold the evidence is insufficient to support the implied finding that the alleged contract by its terms provides for the performance of the obligation sued upon in Cherokee County. In determining whether the contract by its terms provides for the performance of the obligation sued upon in the county of suit, "* * * the material and controlling fact being that the particular obligation sought to be enforced by the suit is *required* by the contract to be performed in a particular county." (Emphasis ours). A & S Steel Buildings, Inc. v. Burk, 390 S.W.2d 401 (Tex.Civ.App., Amarillo, 1965, n. w. h.); Barker v. Lone Star Brewing Co., 350 S.W.2d 44 (Tex. Civ.App., 1961, n. w. h.). The obligation allegedly sued on here is one to replace the flexible front brake hoses and more specifically, the corresponding duty to perform such replacement with care, skill, reasonable expedience and faithfulness. It is to be noted from the above discussion on the contents of the purported letter contract that the only designation contained therein was "your nearest Pontiac dealer." This designation is not of a "place certain," so as to allow extrinsic evidence as to the place of performance but rather a designation for convenience of the car owner. Furthermore, the letter clearly does not, on its face, require performance in a county certain, nor does the designation of Ed H. Brady as promisee of the purported letter contract together with his address fix venue in Cherokee County. Johnston v. Personius, 242 S.W.2d 471 (Tex.Civ.App., San Antonio, 1951, n. w. h.). Moreover, venue under subdivision 5 may not be fixed by implication. Johnston v. Personius, Supra.

Appellee also contends that subdivision 9a of Article 1995, V.A.T.S., is here applicable as an exception to the exclusive venue rule. In order to sustain venue under subdivision 9a, the following venue facts must be alleged and proven by sufficient evidence, to-wit: (1) that an act or omission of negligence occurred in the county where suit was filed, (2) that such act or omission was that of the defendant in person, or that of his servant, agent or representative acting within the scope of his employment, (3) that such negligence was a proximate cause of plaintiff's injuries. McDonald, Texas Civil Practice, Section 4.17.2; Frick v. Duge, 413 S.W.2d 750 (Tex.Civ.App., Corpus Christi, 1967, n. w. h.). It is undisputed that an employee of G & H Motors, acting within the scope of his employment, was negligent in failing to properly tighten the brake hose connections, and that this negligence was the proximate cause of the brake failure, which gives rise to appellees' claim. The question therefore is whether such act or omission was that of the defendant (General Motors Corporation) in person, or that of its servant, agent or representative acting within the scope of his employment. We think the evidence is insufficient to support a finding of such a relationship. In order to determine whether in fact G & H Motors was the servant, agent or representative of appellant, General Motors, the legal relationship between the parties must be shown in the record, and where the record, as in this case, fails to disclose this legal relationship, or, where the terms of employment are indefinite, actual exercise of control becomes an important evidential element in determining the relationship. Anchor Casualty Co. v. Hartsfield, 390 S. W.2d 469 (Tex.Sup., 1965). The question therefore becomes; "What control, if any, does the record disclose, appellant exercised over G & H Motors?" An examination of the record discloses that G & H Motors did exercise all of the following controls: (1) undertake to perform the service of replacement of the brake hoses for a fee determined by the number of replacement jobs performed; (2) use its own shop for performing the replacement jobs;

(3) set up its own time schedule for performing any particular replacement job; (4) use its own tools for performing the job; (5) make its own determination about which of its mechanic employees would perform any particular replacement job; (6) oversee the job done by any of its mechanic employees; (7) perform the replacement jobs without any inspection being made by appellant's representatives; (8) use its own methods for performing any particular replacement job; (9) test any particular automobile itself, after the replacement was effected, to make its own determination as to the end result achieved and the quality of work performed; (10) supply its own skilled mechanics to perform the work; and (11) exercise freedom as to its hours of work. The ultimate test to determine whether a party is an employee or independent contractor is right of control. Newspapers, Inc. v. Love, Tex., 380 S.W.2d 582; Anchor Casualty Co. v. Hartsfield, supra. Under that and the corollary tests, appellee has failed to provide sufficient proof to sustain venue under subdivision 9a. While there is some evidence of control on the part of General Motors, we think the rule that an employer has the right to exercise such control over an independent contractor as is necessary to secure the performance of the contract according to its terms is applicable here. See T.E.I.A. v. Elam, 376 S.W.2d 780 (Tex.Civ.App., Beaumont, 1964, writ ref., n. r. e.).

Subdivision 27 of Article 1995, V.A.T.S. provides as follows:

"Foreign corporations, private or public, joint stock companies or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs or either of them, reside."

■ This subdivision provides four alternatives. The first alternative is "foreign corporations * * * not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued." We must therefore determine what cause of action, if any, appellee has alleged and proven. It is to be noted at the outset that where suit is brought in the county where the cause of action arose, all of the elements of the cause of action must be proven. See Clark, Venue in Civil Actions in Texas, Chapter 27, at page 161. Educators Mut. Life Ins. Co. of America v. Skinner, 146 S.W.2d 276 (Tex.Civ.App., Beaumont, 1940, n. w. h.). Appellee contends that this is a suit on a contract, that Appellant by the letter before discussed, appointed G & H Motors its agent to fulfill the alleged contract. This contention fails in two respects. First, even if it can be said that the alleged letter constitutes a contract to perform certain work, there is no evidence of any consideration passing between the parties. Secondly, as discussed supra, the designation of "your nearest Pontiac dealer" is not a designation of an agent but merely an allowance for the convenience of the car owner. As to the cause of action based on the negligence of G & H Motors acting as the servant, agent or representative of General Motors Corporation, we again note the insufficiency of the evidence to establish such a relationship between G & H Motors and General Motors. Appellee also alleged a cause of action founded in strict liability; more specifically, that the replacement hose contained a latent defect. In alleging such a cause of action, it is essential that the party so alleging plead and prove that the product was in a defective condition at the time it left the hands of the manufacturer. See Wire Rope Corporation of America v. Barner, 446 S.W.2d 361 (Tex.Civ.App., Tyler, 1969, n. w. h.). While this element

of such a cause of action may be shown by circumstantial proof, an examination of the record before us reflects no evidence at all on this point. Rather, there was undisputed proof that the failure to merely properly tighten the hose connections was the direct cause of the brake failure.

The second alternative of subdivision 27 of Article 1995, V.A.T.S., provides that the suit may be brought "* * * in any county where such company may have an agency or representative * * *." The test of an agent or representative is as follows:

"* * * The agent or representative must be more than a mere servant. Its duties and obligations must relate to commercial or business transactions having something to do with the corporate affairs of the principal. It must be more than matters of manual or mechanical execution. The term connotes some discretionary power conferred upon the employee. The essential distinction is that the agent or representative be engaged by his principal to perform the contractual relationship with some discretion that can bind his principal and a third party." South Texas Icee Corporation v. John E. Mitchell Company, Inc., 449 S.W.2d 786, 788 (Tex.Civ.App., Corpus Christi, 1969, writ dismissed.)

Under the above test, the evidence is insufficient to establish that G & H Motors was the agent or representative of General Motors Corporation.

The third alternative under this subdivision provides that suit may be brought "* * * in the county in which the principal office of such company may be situated * * *." Under the record before us, there is no evidence showing the principal office of General Motors Corporation in Texas is located in Cherokee County, Texas. Finally, the fourth alternative of subdivision 27 provides that "* * * when the defendant corporation has no agent or representative in this State, then [suit may be brought] in the county where the plaintiffs or either of them, reside." Again, there is no evidence establishing that General Motors Corporation has no agent or representative in the State of Texas.

Appellees also contend by way of their controverting plea that subdivision 29a of Article 1995, V.A.T.S., is here applicable. The necessary venue facts of subdivision 29a are (1) the action must be against two or more defendants, all of whom reside outside the county of suit; (2) venue must be proper as against at least one of the defendants under some exception to the general venue rule, and (3) the defendant urging his privilege must be a necessary party to the claim against the defendant as to whom venue is proper. McDonald, Texas Civil Practice, section 4.36.

The record is clear that G & H Motors, Inc. is a resident of Cherokee County, Texas, and therefore subdivision 29a must fail as to an applicable exception to the exclusive venue rule.

The order of the trial court overruling Appellant's Plea of Privilege is reversed, and the cause against Appellant is ordered transferred to Dallas County.