Jerry W. BRYAN and Wife, Jo Ann Bryan, Appellants,

v.

STEWART & STEVENSON SERVICES, INC., et al., Appellees.

No. 6288.

Court of Civil Appeals of Texas, El Paso.

Jan. 3, 1973.

Walter M. Holcombe, Pecos, Lawrence L. Fuller, Monahans, for appellants.

Frank C. Fariss, Houston, for appellees.

## OPINION

WARD, Justice.

This is a venue case. The appellants, Mr. and Mrs. Jerry W. Bryan, as buyers, filed this suit in Reeves County against appellee, Stewart & Stevenson Services, Inc., the manufacturer and seller of sprinkler type irrigation systems, and a corporate resident of Harris County. Joined as one of the additional defendants was Weldon Callaway, a resident of Ector County, the agent for the corporation. The trial Court, non jury hearing, transferred the case to Harris County contrary to the controverting plea which sought to retain venue in Reeves County under Subdivisions 5, 23, and 29a of Article 1995, Vernon's Ann.Tex.Civ.St. We affirm the judgment.

The parties entered into a written contract which required that the sprinkler type irrigation system was to be installed by the seller and the buyers instructed as to its operation. The contract recites that the place of delivery of the equipment and possibly that of installation is in Reeves County, the terms of the contract calling for $4,000.00 down payment in cash to the seller and the execution of a promissory note which at the time of suit amounted to the sum of $22,536.84. The appellants allege in their petition that the seller represented and expressly and impliedly warranted that the sprinkler irrigation system would properly and suitably water the crops produced on the appellants' farm and guaranteed that if the system did not perform to the buyers' satisfaction that the contract would be cancelled and the down payment refunded. They further alleged that the soil and climatic conditions in Reeves County prevented the system from ever being suitable and the plaintiffs prayed that the contract be rescinded, the note be cancelled and that the $4,000.00 down payment be returned.

■ As one of the essential requirements of Subdivision 29a is that venue against at least one of the defendants must be maintainable in Reeves County under some other exception to the general venue rule, we pass to a consideration of Subdivision 5. There a plaintiff must show that the obligation sought to be enforced by the suit is made performable in the county of suit by the terms of the contract itself. It is immaterial that some other obligation imposed by the written contract such as the installation and the instruction to the buyer in the use of the equipment might be required to be performed in Reeves County. A & S Steel Buildings, Inc. v. Burk, 390 S.W.2d 401 (Tex.Civ.App.—Amarillo 1965, no writ); Jeter-Millar Company, Inc. v. Kasch Bros., Inc., 466 S.W.2d 598 (Tex.Civ.App.—Eastland 1971, no writ); 1 McDonald, Texas Civil Practice, Sec. 4.11.-5. We find nothing in the writing before us that remotely approaches the obligations on which the appellants bring their suit. Controlling is the statement in Texas Automatic Sprinkler Company v. Ealand-Wood Lumber Company, 297 S.W.2d 958 (Tex.Civ.App.—Beaumont 1957, no writ):

"Appellee sues not for damages for breach, nor on covenants of performance in Jasper County. He sued to recover money paid under the contract. Appellant not having signed an agreement in writing to make such refund, upon default, in Jasper County, is squarely within the protection of the holdings in Johnston v. Bracht and Slagle v. Clark, Tex. Civ.App., 237 S.W.2d 364 and 430, respectively, wherein it was held, in sustaining pleas of privilege, that the return of the money was the particular obligation to be enforced by the suit, and it becomes immaterial that some other obligation of the contract is to be performed in the named county."

Appellants' point regarding Subdivision 5 is overruled.

■ Subdivision 23 is urged by the appellants on the theory that the cause of action or a part thereof against the corporate defendant arose in Reeves County. Among the requirements, the appellants must prove a cause of action against the corporate defendant by a preponderance of the evidence and this includes all elements of the cause of action. Ralston Purina Company v. Wiseman, 467 S.W.2d 669 (Tex.Civ.App.—El Paso 1971, no writ); 1 McDonald, Texas Civil Practice, Sec. 4.30.-2. Appellants assert that the cause of action in this case consists of the contract, its breach and the right and injury thereto. Drexler v. Architectural & Commercial Sales, 375 S.W.2d 550 (Tex.Civ.App.—Corpus Christi 1964, no writ). Even under this assertion, the evidence adduced on the hearing is sufficient to support the implied finding of the trial Court that there was no breach of contract. The testimony offered by the defendants was to the effect that there was considerable difficulty experienced in getting the irrigation system to function properly but that every complaint was remedied to the plaintiffs' entire satisfaction, and that the only reason that the

plaintiffs quit their use of the system was that they had decided to terminate their operations on that particular farm. Under such implied finding, there was no breach of contract or warranty. Under the position asserted by the defendants on this appeal, the broad warranties and promises on which the appellants rely, predated the signing of the written contract which contains not only very limited warranties but valid written limitations to any other express and implied warranties. The trial Court not only impliedly sustained the objections made by the defendants to any consideration of the prior oral agreements, but impliedly found that there was no breach of any covenant in the written contract. The implied findings of the trial Court defeat venue under Subdivision 23.

The novel point presented by the defendants, as to the written provisions of the contract requiring venue in Harris County, need not be considered. The defendants are fortunate. Fidelity Union Life Insurance Company v. Evans, 477 S.W.2d 535 (Tex.Sup.1972).

The judgment of the trial court is affirmed.