**Lloyd HURST and Globe Roofing & Sheet Metal, Inc., Appellants,**

**v.**

**Stanley V. RUSH, Appellee.**
**No. 7591.**

Court of Civil Appeals of Texas, Beaumont.

Aug. 29, 1974.

---

1. Appellant seeks to recover the value as of this date when he filed his amended petition.

Jess H. Hall, Jr., of Liddell, Sapp, Zivley & Brown, Houston, for appellant.

James M. Pape, Houston, for appellee.

STEPHENSON, Justice.

This is an appeal from an order overruling defendants' pleas of privilege. Trial was before the court and no findings of fact or conclusions of law were filed.

Plaintiff, Stanley Rush, filed this suit in Montgomery County, naming Matt Howard, d/b/a Scientific Roofing Company, Lloyd Hurst and Globe Roofing & Sheet Metal, Inc., (Globe) as defendants. Hurst and Globe filed pleas of privilege, each asking that the case be transferred to Harris County. Plaintiff controverted those pleas of privilege relying upon Subdivision 5 of Article 1995, Vernon's Ann.C.S. Plaintiff alleged that Howard contracted to do the roofing work on plaintiff's building in Conroe, Montgomery County, and by a contract in writing guaranteed the roofing work done. Plaintiff further alleged that both Hurst and Globe expressly assumed the obligations of said contract in writing. Plaintiff also relied upon *Subdivisions 23* and *29a* to maintain venue in Montgomery County.

*Subdivision 5* provides in effect that if a person contracts in writing to perform an obligation in a particular county that suit may be brought against him in that county. Even though plaintiff alleged in his controverting affidavit that Hurst and Globe assumed the obligations in writing, the uncontroverted evidence shows only an oral assumption of the written guarantee. We are, therefore, squarely faced with the question, can venue be maintained under *Subdivision 5* where there is an oral assumption of a written contract?

We have not been cited, nor have we found a case directly in point. There are several Court of Civil Appeals cases in which a general rule is stated; however, the factual situation did not present the question before us. In General Motors Corporation v. Brady, 477 S.W.2d 385, 388 (Tex.Civ.App., Tyler, 1972, no writ), the court states that to sustain venue under *Subdivision 5* that four things must be proved, the third being that the contract was entered into by the defendant or by

one authorized to bind him, or was assumed or ratified by him. It is noted that the statement does not make it clear whether such assumption must be in writing. That case cites Vaquero Drilling Company v. Adcock, 453 S.W.2d 908 (Tex. Civ.App., San Antonio, 1970, no writ), which cites Covington-Compton Co. v. Medina Agr. Products, 425 S.W.2d 694 (Tex.Civ.App., San Antonio, 1968, no writ). However, the statement in *Covington-Compton* omits any reference to assumption or ratification, and cites Garcia v. Kingsville First Savings & Loan Ass'n, 415 S.W.2d 537 (Tex.Civ.App., San Antonio, 1967, dismissed), which does the same. Therefore, we find the addition of "assumption and ratification" for the first time in *Vaquero*, supra. In *Vaquero*, supra, suit was brought on a sworn account for equipment ordered by telephone, but a delivery slip was signed by persons receiving the equipment, containing a promise to pay in the county in which the suit was filed. The issues of assumption and ratification were not in that case, leaving us with the decision which we must make.

■ We have construed *Subdivision 5* to mean that, in order to maintain venue hereunder, a defendant must assume or ratify a contract in writing. We see no reason to hold that one being sued upon a primary contract is entitled to be sued in the county of his residence unless a written contract provides otherwise, and apply a different rule to one being sued under an assumption or ratification.

Under *Subdivision 23* plaintiff had the burden of proving, in this case, that Globe was a corporation and that the cause of action against it or part thereof arose in Montgomery County. Hurst testified that he owned the Globe Roofing & Sheet Metal Company and that it was a Texas corporation.

The contract sued on in this case, which was admitted in evidence by the trial court, reads as follows:

"December 6, 1966

"Col. Stanley Rush
3600 Encanto
Fort Worth, Texas                    Contract No.: 15591

"Dear Col. Rush:

We have completed the roofing work set out by our invoice of this date on building located in Conroe, Texas, and we quote you our guarantee as follows:

'We guarantee this work to give waterproof service for a period of fifteen (15) years. Should same fail to do so we will furnish the necessary labor and material to make same waterproof for this period of time. Excluded from this guarantee are "Acts of God" such as fire, hail, freeze, tornado, hurricane or damage caused by malicious act or mechanical mutilation. We are not responsible for color failure of any product used. This guarantee becomes effective on the completion of our work providing charges in connection with the installation have been paid.'

This guarantee is not transferable without our permission.

\* \* \*

SCIENTIFIC ROOFING COMPANY

/s/ Matt Howard
By ————————————
     Matt Howard, Owner"

The evidence showed the roof was leaking and that damage had been done to the building. Plaintiff testified he talked with Hurst about the roof in January or February of 1973 and showed him the damage. Hurst told him that he had taken over Matt Howard's Scientific Roofing, and he (Hurst) was responsible for the fulfillment of the contract, the fifteen-year guarantee. Hurst promised him the roof would be fixed the next week, but that has not been done.

It would appear that a cause of action for breach of contract had been proven, but Hurst and Globe point out that there is no evidence that the specific condition precedent set out in the contract had been proven, that is, payment. Such condition precedent reads as follows:

"This guarantee becomes effective on the completion of our work providing charges in connection with the installation have been paid."

There is no evidence in this record that plaintiff paid Matt Howard or anyone else for this roofing work.

The law is clear that when a promise is subject to a liability or obligation on the promisor and there can be no breach of the contract by him until or unless such condition or contingency is performed or occurs. See Modine Mfg. Co. v. North East Independent Sch. Dist., 503 S.W.2d 833 (Tex.Civ.App., Beaumont, 1973, error ref. n. r. e.). In a well written opinion by Justice Keith the matter of "conditions precedent" is discussed at length. Plaintiff had the burden of pleading and proving that this condition precedent had occurred. Parkview General Hospital, Inc. v. Eppes, 447 S.W.2d 487, (Tex.Civ.App., Corpus Christi, 1969, error ref. n. r. e.), and other cases cited by Justice Keith in *Modine,* supra. Failing that allegation and proof, plaintiff did not prove a cause of action, and *Subdivision 23* has no application.

*Subdivision 29a* provides in effect that where there are two or more defendants and venue can be lawfully maintained against any of the defendants in the county in which the suit is filed, then it can be maintained against any and all necessary parties. This has uniformly been interpreted to mean that it applies to a situation in which no defendant is a resident in the county in which the suit is filed, but that one defendant can be held in such county because of some exception to the general rule of venue and the defendant claiming privilege is a necessary party. See Bee County Cooperative Association v. Dominy, 489 S.W.2d 418 (Tex.Civ.App., Corpus Christi, 1972, no writ). Our record shows Matt Howard is alleged to be a resident of Harris County; however, no proof was made as to that fact, and no cause of action was proved against him for the same reasons stated in the discussion of *Subdivision 23* above. Therefore, plaintiff failed to prove that venue could be maintained in Montgomery County.

Reversed and remanded with instructions to the trial court to transfer this case as to Hurst and Globe to Harris County.

Reversed and remanded.