NUMBER 13-08-246-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JACK A. COLMENERO, D/B/A COASTAL Appellant,

HOME DESIGNERS, A/K/A JACK A.

COLMENERO, DESIGNER-BUILDER, INC., 


v. 


RODOLFO R. MARTINEZ, OLIVIA L.

MARTINEZ, AND LAREDO NATIONAL BANK, Appellees.

 


On appeal from the 347th District Court 

of Nueces County, Texas


 


MEMORANDUM OPINION



Before Justices Yañez, Garza, and Vela


Memorandum Opinion by Justice Vela



 This is an appeal from a judgment granted by the trial court in a contract action filed
by appellant, Jack A. Colmenero, d/b/a Coastal Home Designers a/k/a Jack A. Colmenero,
Designer-Builder, Inc. ("Colmenero") against appellees, Rodolfo R. Martinez, Olivia L.
Martinez and Laredo National Bank ("the Martinezes"). (1) By eight issues, Colmenero urges
that the judgment did not conform to the pleadings; that the trial court erred in the
admission of evidence; that there was no evidence to support the judgment; that the award
of attorney's fees was improper; and that the trial court abused its discretion in not granting
his motion for new trial. We affirm.

I. Background

 Colmenero is a home builder. The Martinezes were his customers. The parties
signed a new home contract on October 16, 2003. Through Laredo National Bank ("LNB"),
Colmenero received interim financing of $228,000 to build the home. Colmenero agreed
to sell the Martinezes the residence for $343,190. The financing portion of the new house
contract stated: "one or more third party mortgage loans in the total amount of
$308,527.00. If the property does not satisfy the lenders' underwriting requirements for the
loan(s), this contract will terminate and the earnest money will be refunded to buyer." The
contract was also subject to the buyer being approved for third party financing described
in an attached third-party financing condition addendum. After the home was built, LNB
would not lend the Martinezes the money because it did not appraise for the requested
loan amount. Colmenero sued LNB for violation of the Texas Deceptive Trade Practices
Act, fraud, breach of contract, quantum meruit, and promissory estoppel. He alleged
similar causes of action against the Martinezes. LNB settled with Colmenero. At the time
of trial, the only remaining claim against the Martinezes was breach of contract.

 At trial, which was before the trial court, Connie Rocha, formerly a mortgage officer
at LNB, testified that the Martinezes filed a loan application with LNB. She stated that the
home in question had been appraised twice, and both times it failed to appraise for the
requested loan amount. According to Rocha, if the contract was conditioned upon third-party financing, the Martinezes were unable to obtain a loan because the house did not
appraise for the required amount. She testified that the Martinezes contacted her many
times for approval of the loan. 

 Robert Guerra, formerly a banker at LNB, testified that LNB had provided
construction financing for the project. The appraisal value of the property was insufficient
for the bank to make the loan to the Martinezes. He opined that LNB would not have
ordered an appraisal before a loan application was filed. However, he stated he had no
personal knowledge whether an application for the loan was filed before or after the parties
signed the new home contract. 

 Colmenero testified that he took out a loan for $228,000 to build the home. On
cross examination, he acknowledged that the bank forgave the loan as part of the
settlement. He stated that he spent an additional $70,000 from his corporate funds to build
the home. Colmenero testified that he received an additional $90,000 as part of
Colmenero's settlement with LNB. He agreed that he knew the contract was subject to
financing at the time the parties entered into it, but he stated that he did not know that the
contract would terminate if the Martinezes did not obtain financing. At the end of
Colmenero's case-in-chief, the trial court granted the Martinezes' motion for judgment. The
trial court also awarded the Martinezes $20,000 in attorney's fees.



II. Analysis

1. Trial by Consent

 Colmenero first urges that the trial court signed a judgment that did not conform with
the pleadings because the judgment was based on the unpleaded affirmative defense of
failure of conditions precedent. 

 A condition precedent is defined as a condition that must be performed before an
agreement between the parties becomes a binding contract or a condition that must be
fulfilled before any duty to perform arises under an existing contract. Wilson & Wilson Tax
Servs., Inc. v. Mohammed, 131 S.W.3d 231, 238 (Tex. App.-Houston [14th Dist.] 2004,
no pet.). When a defendant's liability on a contract depends on the performance or
happening of a condition precedent, the plaintiff must allege and prove that the condition
has happened or been performed or that there was a waiver of the condition precedent. 
Parkview Gen. Hosp., Inc. v. Eppes, 447 S.W.2d 487, 490 (Tex. Civ. App.-Corpus Christi
1969, writ ref'd n.r.e.); see Hurst v. Rush, 514 S.W.2d 472, 475 (Tex. Civ. App.-Beaumont
1974, no writ). In the absence of occurrence or performance of such a condition
precedent, there can be no breach of contract. Hurst, 514 S.W.2d at 475; Eppes, 447
S.W.2d at 490-91. 

 Rule 67 of the Texas Rules of Civil Procedure provides that issues not raised by the
parties that are tried by express or implied consent shall be treated as if they had been
raised in the pleadings. Tex. R. Civ. P. 67. The trial court has broad discretion in
determining whether an unpleaded claim has been tried by implied consent of the parties. 
Whatley v. Dallas, 758 S.W.2d 301, 306 (Tex. App.-Dallas 1988, writ denied). The trial
court is to exercise that discretion liberally in favor of justice. Id. 

 When the evidence upon the extrinsic issue is developed under circumstances
making clear that the parties understood such issue was in the case, and without either
party having urged an objection or complaint, implied consent is shown. Realtex Corp. v.
Tyler, 627 S.W.2d 441, 443 (Tex. App.-Houston [1st Dist.] 1981, no writ). To determine
whether the issue was tried by consent, the court must examine the record not for evidence
of the issue, but rather for evidence of trial of the issue. In re Walters, 39 S.W.3d 280, 289
(Tex. App.-Texarkana 2001, no pet.); Watts v. St. Mary's Hall, Inc., 662 S.W.2d 55, 58
(Tex. App.-San Antonio 1983, writ ref'd n.r.e.).

 Here, the evidence is clear that the issue regarding the failure of conditions
precedent was tried. In Colmenero's opening statement, he urged that the contract
required the Martinezes to promptly seek financing for the house and use every reasonable
effort. During the Martinezes' opening statement, counsel argued, without objection, that:

 it was contingent on certain things. There was [sic] two contingencies in this
contract. One of the contingencies was on the first page of the contract
where I highlighted . . . . 'If the property does not satisfy the lenders
underwriting requirements for the loan, this contract will terminate and the
earnest money will be refunded to buyer.' 


Counsel for the Martinezes also urged, without objection, that "the conditions precedent
for this contract to take effect were never met." 

 From the beginning of trial, it was clear that a primary issue to be tried in the case
was whether the conditions precedent had occurred. Colmenero made no objections to
the introduction of evidence regarding the failure of the conditions precedent. We
conclude that the issue was tried by consent. Colmenero's first issue is overruled.

2. Evidentiary Issues

 In Colmenero's second and third issues, he urges that the trial court erred in
admitting evidence of the home appraisals that LNB received and evidence that the
Martinezes applied for a home loan with LNB. 

 The admission or exclusion of evidence is committed to the trial court's discretion. 
In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005); Gee v. Liberty Mut. Fire Ins. Co., 765
S.W.2d 402, 409-11 (Tex. 1988). To obtain reversal of a judgment based upon error in the
admission or exclusion of evidence, an appellant must show that the trial court's error
probably resulted in an improper judgment. Tex. R. App. P. 44.1; Nissan Motor Co. v.
Armstrong, 145 S.W.3d 131, 144 (Tex. 2004). In order to preserve error in the admission
or exclusion of evidence, the record must reflect that the error was properly preserved. 

 To preserve error in an erroneous admission of evidence, a party must do the
following: (1) present to the trial court a timely request, objection, or motion; (2) state the
specific grounds of the complaint, if the specific ground was not apparent from the context;
and (3) obtain a ruling before the testimony is offered and received. Tex. R. Evid.
103(a)(1); GTE Mobilnet of S. Tex. Ltd. P'ship v. Pascouet, 61 S.W.3d 599, 613 (Tex.
App.-Houston [14th Dist.] 2001, pet. denied) (citing Rendleman v. Clarke, 909 S.W.2d 56,
58 (Tex. App.-Houston [14th Dist.] 1995, writ dism'd.)).

 During trial, Connie Rocha responded affirmatively when asked if the Martinezes
submitted a loan application for the new home contract. Colmenero did not object to the
question. Similarly, evidence of the home appraisals was admitted, without objection,
through the testimony of both Rocha and Guerra. Therefore, we hold that error was not 
preserved with regard to either the admission of the appraisals or the admission of
evidence that the Martinezes made a loan application with LNB. See Tex. R. Evid. 103(a)
(1). We overrule Colmenero's second and third issues. 

3. Sufficiency of the Evidence

 In a non-jury trial, the trial court serves as a fact finder and magistrate. Qantel Bus.
Sys., Inc. v. Custom Controls Co., 761 S.W.2d 302, 306 (Tex. 1988) (Gonzalez, J.,
concurring). In Qantel, the court held that when a plaintiff rests his or her case, on motion
for judgment by a defendant, the trial court has the power to rule on both the factual and
legal issues and to make factual findings. Id. at 304. A trial court's findings of fact are
reviewed for legal and factual sufficiency of the evidence; the same standard applied when
reviewing evidence supporting a jury finding. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex.
1996) (per curiam). 

 Legal and factual sufficiency of the evidence standards of review govern an appeal
of a non-jury trial on the merits. IKB Indus. (Nig.) Ltd. v. Pro-Line Corp., 938 S.W.2d 440,
445 (Tex. 1997). When a party appeals from a non-jury trial, it must complain of specific
findings and conclusions of the trial court. Carrasco v. Stewart, 224 S.W.3d 363, 367 (Tex.
App.-El Paso 2006, no pet.); see Serrano v. Union Planters Bank, N.A., 162 S.W.3d 576,
580 (Tex. App.-El Paso 2004, pet. denied). A general complaint challenging the trial
court's judgment does not present a justiciable question. Carrasco, 224 S.W.3d at 367;
Serrano, 162 S.W.3d at 580. 

 A "no-evidence," or legal sufficiency, point is a question of law which challenges the
legal sufficiency of the evidence to support a particular fact finding. Serrano, 162 S.W.3d
at 579. An appellate court will sustain a legal sufficiency, or "no-evidence," challenge if the
record shows: (1) the complete absence of a vital fact; (2) that the court is barred by rules
of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3)
that the evidence offered to prove a vital fact is no more than a scintilla; or (4) that the
evidence establishes conclusively the opposite of the vital fact. City of Keller v. Wilson,
168 S.W.3d 802, 810 (Tex. 2005). 

 We review a trial court's conclusions of law de novo. Austin Hardwoods, Inc. v.
Vanden Berghe, 917 S.W.2d 320, 322 (Tex. App.-El Paso 1995, writ denied). Erroneous
conclusions of law are not binding on the appellate court, but, if the controlling findings of
fact will support a correct legal theory, are supported by the evidence, and are sufficient
to support the judgment, then the adoption of erroneous legal conclusions will not mandate
reversal. Heritage Res., Inc. v. Hill, 104 S.W.3d 612, 621 (Tex. App.-El Paso 2003, no
pet.).

 Findings of fact made by the trial judge, sitting as the fact finder, enjoy the same
status as findings of a jury. Anderson v. City of Seven Points, 806 S.W.2d 791, 794
(Tex.1991); Heritage Res., 104 S.W.3d at 619. In reviewing a factual sufficiency point, we
must consider all of the evidence and determine whether the adverse finding was so
against the great weight and preponderance of the evidence that it was clearly wrong and
unjust. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996). We do not pass upon the
witnesses' credibility, nor do we substitute our judgment for that of the fact. Mar. Overseas
Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998).


 Here, the trial court made findings of fact and conclusions of law. They included a
finding that the home contract provided that if the property did not satisfy the lender's
underwriting requirement for the loan(s), it would terminate. The trial court also found that
the Martinezes obtained two appraisals in an attempt to secure financing at LNB. These
findings were supported by the testimony at trial. The court also found that the property
did not satisfy the lender's underwriting requirement because it did not appraise for an
amount sufficient for LNB to provide financing. This finding was also supported by the
evidence adduced at trial. The court also found that the Martinezes made every
reasonable effort to obtain financing approval. Rocha testified that the Martinezes
contacted her many times in an attempt to get the approval. The court concluded that the
contract was contingent upon the property satisfying the lender's underwriting requirement
and that such was a condition precedent. The court also found that the contract was
conditioned upon financing pursuant to a third-party financing condition addendum. The
evidence shows that these conditions were not met. The trial court's findings are
supported by factually and legally sufficient evidence. Colmenero's fifth issue is overruled. 
 By issues four and six, Colmenero complains that the trial court erred in finding
failure of two conditions precedent, rather than one. Colmenero, however, seems to agree
in his brief that at least one condition precedent was not met. Based on the evidence
before it, the trial court determined that there were two conditions precedent and that both
had failed. The court based its conclusion on evidence that was not objected to at trial. 
Because we previously held that there was sufficient support for the trial court's findings,
we overrule Colmenero's fourth and sixth issues. 


4. Attorneys' Fees

 By issue seven, Colmenero urges that the trial court abused its discretion when it
awarded attorney's fees to the Martinezes. Generally, we review a trial court's decision to
grant or deny attorney's fees for an abuse of discretion, and we review the amount
awarded as attorney's fees under a sufficiency of the evidence standard. See Bocquet v.
Herring, 972 S.W.2d 19, 21 (Tex. 1998); EMC Mortgage Corp. v. Davis, 167 S.W.3d 406,
418 (Tex. App.-Austin 2005, pet. denied). A trial court abuses its discretion if its decision
is arbitrary, unreasonable, and without reference to guiding principles. Mercedes-Benz
Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996). No objection was made to
counsel's testimony that he has been licensed to practice since 1980. Counsel stated that
he had attended depositions, prepared motions, engaged in discovery and that $20,000
for his time was a reasonable fee. While this was certainly not a detailed statement of fees
expended in this case, in the absence of objection, we cannot say that the trial court erred
in either awarding fees or erred in the amount it awarded. See Tex. R. App. P. 33.1; City
of Portland v. Shiba, 976, S.W.2d 856, 860-61 (Tex. App.-Corpus Christi 1998, writ ref'd
n.r.e.). Colmenero's seventh issue is overruled.

5. Motion for New Trial

 By issue eight, Colmenero complains that the trial court abused its discretion in
overruling his motion for new trial. We review a trial court's denial of a motion for new trial
for abuse of discretion. In the Interest of R.R., 209 S.W.3d 112, 114 (Tex. 2006). The trial
court's findings and conclusions were supported by the evidence. Colmenero argues that
fact issues were raised concerning whether the Martinezes sought financing and the
degree of diligence exercised by them. These issues were resolved by the trial court with
respect to its fact-finding authority. Colmenero also argues that he had properly preserved
his evidentiary objections and urged that the judgment was void. The trial court was within
its discretion to deny the motion for new trial for the same reasons we have previously
discussed in the opinion. Colmenero's eighth issue is overruled.

III. Conclusion

 The judgment of the trial court is affirmed.




 ROSE VELA

 Justice

Memorandum Opinion delivered and 

filed this 20th day of November, 2008.








 
1. Laredo National Bank settled with Colmenero and is not a party to the appeal.