

NUMBER 13-08-246-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **JACK A. COLMENERO, D/B/A COASTAL HOME DESIGNERS, A/K/A JACK A. COLMENERO, DESIGNER-BUILDER, INC.,** | **Appellant,** |
| **v.** | |
| **RODOLFO R. MARTINEZ, OLIVIA L. MARTINEZ, AND LAREDO NATIONAL BANK,** | **Appellees.** |

On appeal from the 347th District Court
of Nueces County, Texas

# MEMORANDUM OPINION

Before Justices Yañez, Garza, and Vela
Memorandum Opinion by Justice Vela

This is an appeal from a judgment granted by the trial court in a contract action filed

by appellant, Jack A. Colmenero, d/b/a Coastal Home Designers a/k/a Jack A. Colmenero,

Designer-Builder, Inc. ("Colmenero") against appellees, Rodolfo R. Martinez, Olivia L.

Martinez and Laredo National Bank ("the Martinezes").[1] By eight issues, Colmenero urges that the judgment did not conform to the pleadings; that the trial court erred in the admission of evidence; that there was no evidence to support the judgment; that the award of attorney's fees was improper; and that the trial court abused its discretion in not granting his motion for new trial. We affirm.

## I. BACKGROUND

Colmenero is a home builder. The Martinezes were his customers. The parties signed a new home contract on October 16, 2003. Through Laredo National Bank ("LNB"), Colmenero received interim financing of $228,000 to build the home. Colmenero agreed to sell the Martinezes the residence for $343,190. The financing portion of the new house contract stated: "one or more third party mortgage loans in the total amount of $308,527.00. If the property does not satisfy the lenders' underwriting requirements for the loan(s), this contract will terminate and the earnest money will be refunded to buyer." The contract was also subject to the buyer being approved for third party financing described in an attached third-party financing condition addendum. After the home was built, LNB would not lend the Martinezes the money because it did not appraise for the requested loan amount. Colmenero sued LNB for violation of the Texas Deceptive Trade Practices Act, fraud, breach of contract, quantum meruit, and promissory estoppel. He alleged similar causes of action against the Martinezes. LNB settled with Colmenero. At the time of trial, the only remaining claim against the Martinezes was breach of contract.

At trial, which was before the trial court, Connie Rocha, formerly a mortgage officer

---

[1]Laredo National Bank settled with Colmenero and is not a party to the appeal.

2

at LNB, testified that the Martinezes filed a loan application with LNB. She stated that the home in question had been appraised twice, and both times it failed to appraise for the requested loan amount. According to Rocha, if the contract was conditioned upon third-party financing, the Martinezes were unable to obtain a loan because the house did not appraise for the required amount. She testified that the Martinezes contacted her many times for approval of the loan.

Robert Guerra, formerly a banker at LNB, testified that LNB had provided construction financing for the project. The appraisal value of the property was insufficient for the bank to make the loan to the Martinezes. He opined that LNB would not have ordered an appraisal before a loan application was filed. However, he stated he had no personal knowledge whether an application for the loan was filed before or after the parties signed the new home contract.

Colmenero testified that he took out a loan for $228,000 to build the home. On cross examination, he acknowledged that the bank forgave the loan as part of the settlement. He stated that he spent an additional $70,000 from his corporate funds to build the home. Colmenero testified that he received an additional $90,000 as part of Colmenero's settlement with LNB. He agreed that he knew the contract was subject to financing at the time the parties entered into it, but he stated that he did not know that the contract would terminate if the Martinezes did not obtain financing. At the end of Colmenero's case-in-chief, the trial court granted the Martinezes' motion for judgment. The trial court also awarded the Martinezes $20,000 in attorney's fees.

3

1. *Trial by Consent*

Colmenero first urges that the trial court signed a judgment that did not conform with the pleadings because the judgment was based on the unpleaded affirmative defense of failure of conditions precedent.

A condition precedent is defined as a condition that must be performed before an agreement between the parties becomes a binding contract or a condition that must be fulfilled before any duty to perform arises under an existing contract. *Wilson & Wilson Tax Servs., Inc. v. Mohammed*, 131 S.W.3d 231, 238 (Tex. App.–Houston [14th Dist.] 2004, no pet.). When a defendant's liability on a contract depends on the performance or happening of a condition precedent, the plaintiff must allege and prove that the condition has happened or been performed or that there was a waiver of the condition precedent. *Parkview Gen. Hosp., Inc. v. Eppes,* 447 S.W.2d 487, 490 (Tex. Civ. App.–Corpus Christi 1969, writ ref'd n.r.e.); *see Hurst v. Rush,* 514 S.W.2d 472, 475 (Tex. Civ. App.–Beaumont 1974, no writ). In the absence of occurrence or performance of such a condition precedent, there can be no breach of contract. *Hurst,* 514 S.W.2d at 475; *Eppes*, 447 S.W.2d at 490-91.

Rule 67 of the Texas Rules of Civil Procedure provides that issues not raised by the parties that are tried by express or implied consent shall be treated as if they had been raised in the pleadings. TEX. R. CIV. P. 67. The trial court has broad discretion in determining whether an unpleaded claim has been tried by implied consent of the parties. *Whatley v. Dallas*, 758 S.W.2d 301, 306 (Tex. App.–Dallas 1988, writ denied). The trial

4

court is to exercise that discretion liberally in favor of justice.  *Id.*

When the evidence upon the extrinsic issue is developed under circumstances making clear that the parties understood such issue was in the case, and without either party having urged an objection or complaint, implied consent is shown.  *Realtex Corp. v. Tyler,* 627 S.W.2d 441, 443 (Tex. App.–Houston [1st Dist.] 1981, no writ).  To determine whether the issue was tried by consent, the court must examine the record not for evidence of the issue, but rather for evidence of trial of the issue.  *In re Walters,* 39 S.W.3d 280, 289 (Tex. App.–Texarkana 2001, no pet.); *Watts v. St. Mary's Hall, Inc.,* 662 S.W.2d 55, 58 (Tex. App.–San Antonio 1983, writ ref'd n.r.e.).

Here, the evidence is clear that the issue regarding the failure of conditions precedent was tried.  In Colmenero's opening statement, he urged that the contract required the Martinezes to promptly seek financing for the house and use every reasonable effort.  During the Martinezes' opening statement, counsel argued, without objection, that:

> it was contingent on certain things.  There was [sic] two contingencies in this contract.  One of the contingencies was on the first page of the contract where I highlighted . . . .  'If the property does not satisfy the lenders underwriting requirements for the loan, this contract will terminate and the earnest money will be refunded to buyer.'

Counsel for the Martinezes also urged, without objection, that "the conditions precedent for this contract to take effect were never met."

From the beginning of trial, it was clear that a primary issue to be tried in the case was whether the conditions precedent had occurred.  Colmenero made no objections to the introduction of evidence regarding the failure of the conditions precedent.  We conclude that the issue was tried by consent.  Colmenero's first issue is overruled.

5

2. *Evidentiary Issues*

In Colmenero's second and third issues, he urges that the trial court erred in admitting evidence of the home appraisals that LNB received and evidence that the Martinezes applied for a home loan with LNB.

The admission or exclusion of evidence is committed to the trial court's discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005); *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 402, 409-11 (Tex. 1988). To obtain reversal of a judgment based upon error in the admission or exclusion of evidence, an appellant must show that the trial court's error probably resulted in an improper judgment. TEX. R. APP. P. 44.1; *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). In order to preserve error in the admission or exclusion of evidence, the record must reflect that the error was properly preserved.

To preserve error in an erroneous admission of evidence, a party must do the following: (1) present to the trial court a timely request, objection, or motion; (2) state the specific grounds of the complaint, if the specific ground was not apparent from the context; and (3) obtain a ruling before the testimony is offered and received. TEX. R. EVID. 103(a)(1); *GTE Mobilnet of S. Tex. Ltd. P'ship v. Pascouet,* 61 S.W.3d 599, 613 (Tex. App.–Houston [14th Dist.] 2001, pet. denied) (citing *Rendleman v. Clarke*, 909 S.W.2d 56, 58 (Tex. App.–Houston [14th Dist.] 1995, writ dism'd.)).

During trial, Connie Rocha responded affirmatively when asked if the Martinezes submitted a loan application for the new home contract. Colmenero did not object to the question. Similarly, evidence of the home appraisals was admitted, without objection, through the testimony of both Rocha and Guerra. Therefore, we hold that error was not

6

preserved with regard to either the admission of the appraisals or the admission of evidence that the Martinezes made a loan application with LNB.  *See* TEX. R. EVID. 103(a)(1).  We overrule Colmenero's second and third issues.

3.  *Sufficiency of the Evidence*

In a non-jury trial, the trial court serves as a fact finder and magistrate.  *Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 306 (Tex. 1988) (Gonzalez, J., concurring).  In *Qantel*, the court held that when a plaintiff rests his or her case, on motion for judgment by a defendant, the trial court has the power to rule on both the factual and legal issues and to make factual findings.  *Id.* at 304.  A trial court's findings of fact are reviewed for legal and factual sufficiency of the evidence; the same standard applied when reviewing evidence supporting a jury finding*.  Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam).

Legal and factual sufficiency of the evidence standards of review govern an appeal of a non-jury trial on the merits.  *IKB Indus. (Nig.) Ltd. v. Pro-Line Corp.,* 938 S.W.2d 440, 445 (Tex. 1997).  When a party appeals from a non-jury trial, it must complain of specific findings and conclusions of the trial court.  *Carrasco v. Stewart,* 224 S.W.3d 363, 367 (Tex. App.–El Paso 2006, no pet.); *see Serrano v. Union Planters Bank, N.A.,* 162 S.W.3d 576, 580 (Tex. App.–El Paso 2004, pet. denied).  A general complaint challenging the trial court's judgment does not present a justiciable question.  *Carrasco,* 224 S.W.3d at 367; *Serrano,* 162 S.W.3d at 580.

A "no-evidence," or legal sufficiency, point is a question of law which challenges the legal sufficiency of the evidence to support a particular fact finding.  *Serrano,* 162 S.W.3d

7

at 579. An appellate court will sustain a legal sufficiency, or "no-evidence," challenge if the record shows: (1) the complete absence of a vital fact; (2) that the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) that the evidence offered to prove a vital fact is no more than a scintilla; or (4) that the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson,* 168 S.W.3d 802, 810 (Tex. 2005).

We review a trial court's conclusions of law de novo*. Austin Hardwoods, Inc. v. Vanden Berghe,* 917 S.W.2d 320, 322 (Tex. App.–El Paso 1995, writ denied). Erroneous conclusions of law are not binding on the appellate court, but, if the controlling findings of fact will support a correct legal theory, are supported by the evidence, and are sufficient to support the judgment, then the adoption of erroneous legal conclusions will not mandate reversal. *Heritage Res., Inc. v. Hill,* 104 S.W.3d 612, 621 (Tex. App.–El Paso 2003, no pet.).

Findings of fact made by the trial judge, sitting as the fact finder, enjoy the same status as findings of a jury. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991); *Heritage Res.,* 104 S.W.3d at 619. In reviewing a factual sufficiency point, we must consider all of the evidence and determine whether the adverse finding was so against the great weight and preponderance of the evidence that it was clearly wrong and unjust. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996). We do not pass upon the witnesses' credibility, nor do we substitute our judgment for that of the fact. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998).

Here, the trial court made findings of fact and conclusions of law. They included a finding that the home contract provided that if the property did not satisfy the lender's underwriting requirement for the loan(s), it would terminate. The trial court also found that the Martinezes obtained two appraisals in an attempt to secure financing at LNB. These findings were supported by the testimony at trial. The court also found that the property did not satisfy the lender's underwriting requirement because it did not appraise for an amount sufficient for LNB to provide financing. This finding was also supported by the evidence adduced at trial. The court also found that the Martinezes made every reasonable effort to obtain financing approval. Rocha testified that the Martinezes contacted her many times in an attempt to get the approval. The court concluded that the contract was contingent upon the property satisfying the lender's underwriting requirement and that such was a condition precedent. The court also found that the contract was conditioned upon financing pursuant to a third-party financing condition addendum. The evidence shows that these conditions were not met. The trial court's findings are supported by factually and legally sufficient evidence. Colmenero's fifth issue is overruled.

By issues four and six, Colmenero complains that the trial court erred in finding failure of two conditions precedent, rather than one. Colmenero, however, seems to agree in his brief that at least one condition precedent was not met. Based on the evidence before it, the trial court determined that there were two conditions precedent and that both had failed. The court based its conclusion on evidence that was not objected to at trial. Because we previously held that there was sufficient support for the trial court's findings, we overrule Colmenero's fourth and sixth issues.

9

4. *Attorneys' Fees*

By issue seven, Colmenero urges that the trial court abused its discretion when it awarded attorney's fees to the Martinezes. Generally, we review a trial court's decision to grant or deny attorney's fees for an abuse of discretion, and we review the amount awarded as attorney's fees under a sufficiency of the evidence standard. *See Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex. 1998); *EMC Mortgage Corp. v. Davis,* 167 S.W.3d 406, 418 (Tex. App.–Austin 2005, pet. denied). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding principles. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). No objection was made to counsel's testimony that he has been licensed to practice since 1980. Counsel stated that he had attended depositions, prepared motions, engaged in discovery and that $20,000 for his time was a reasonable fee. While this was certainly not a detailed statement of fees expended in this case, in the absence of objection, we cannot say that the trial court erred in either awarding fees or erred in the amount it awarded. *See* TEX. R. APP. P. 33.1*; City of Portland v. Shiba*, 976, S.W.2d 856, 860-61 (Tex. App.–Corpus Christi 1998, writ ref'd n.r.e.). Colmenero's seventh issue is overruled.

5. *Motion for New Trial*

By issue eight, Colmenero complains that the trial court abused its discretion in overruling his motion for new trial. We review a trial court's denial of a motion for new trial for abuse of discretion. *In the Interest of R.R.,* 209 S.W.3d 112, 114 (Tex. 2006). The trial court's findings and conclusions were supported by the evidence. Colmenero argues that fact issues were raised concerning whether the Martinezes sought financing and the

degree of diligence exercised by them. These issues were resolved by the trial court with respect to its fact-finding authority. Colmenero also argues that he had properly preserved his evidentiary objections and urged that the judgment was void. The trial court was within its discretion to deny the motion for new trial for the same reasons we have previously discussed in the opinion. Colmenero's eighth issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.


ROSE VELA
Justice

Memorandum Opinion delivered and
filed this 20th day of November, 2008.

11