K3 Enterprises and Charles Larry Satterwhite, Individually and as Trustee for K3 Enterprises and Ray Arnold d/b/a Servco v. Michael E. McDaniel and The Memo Corporation
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-112-CV

     K3 ENTERPRISES AND CHARLES LARRY
     SATTERWHITE, INDIVIDUALLY AND AS
     TRUSTEE FOR K3 ENTERPRISES AND
     RAY ARNOLD D/B/A SERVCO,
                                                                         Appellants
     v.

     MICHAEL E. McDANIEL
     AND THE MEMO CORPORATION,
                                                                         Appellees
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 46,253-A-272
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      We must decide (1) whether a lease agreement contains an ambiguous extension provision,
and (2) if so, whether a summary judgment can be reversed even though both parties asked for
summary judgment.
 
THE AGREEMENT
      K3 Enterprises (“K3") leased commercial real estate in Brazos County to Michael E.
McDaniel (“McDaniel”) for a term described in the lease as:
TERM. The primary term of this Lease shall commence on or before the 1st of
November, 1988; and shall continue for a period of 7 yrs with a 1-5 yr. extension unless
sooner terminated or extended as hereinafter provided.



 
The lease is silent about how the extension was to be exercised.
      It is undisputed that McDaniel


 continued to occupy the leased premises after the primary
term expired on October 31, 1995. It is also undisputed that nothing was done to formalize an
extension of the lease. On August 1, 1997, K3 changed the locks to prevent McDaniel from
having access to the premises and hired Ray Arnold dba Servco to remove McDaniel’s
property from the premises over the Labor Day weekend.



THE ISSUE
      When K3 refused demands that the property be returned, McDaniel filed suit for the value
of the property that had been removed and for lost business revenue. Part of the petition
sought a declaratory judgment that the “lease agreement at issue herein [is] for a term of seven
(7) years with an automatic five (5) year extension, that the lease is in full force and effect until
October 31, 2000, . . . .” K3 filed a general denial.
      McDaniel asked the court for a partial summary judgment on several issues, including that
the lease had an automatic extension for five years at McDaniel’s option. He urged that his
affidavit conclusively established a five-year option period as a matter of fact. K3 filed a
response to McDaniel’s motion and its own motion for a partial summary judgment. The
response and motion were in a single pleading and were supported by an affidavit which stated
that the original typewritten agreement specified “an option period of five (5) years” and that
the handwritten changes were made to accommodate McDaniel’s desire for “greater
flexibility.” McDaniel’s response to K3's motion merely reasserted his own motion and
affidavit.
      Thus, the issue was joined over the proper interpretation of the words “with a 1-5 yr.
extension.” The court granted McDaniel’s motion “in part” and declared that the lease was
“for a term of seven (7) years with up to five (5) one (1) year extensions at the option of
[McDaniel] by the payment of $1,658.25 in November, 1995, and each November thereafter to
and including the year 1999.”   The court severed the declaratory judgment from the remainder
of McDaniel’s claims. Notice of appeal was perfected from the resulting final judgment.
      The issue is the meaning of the words “with a 1-5 yr. extension.” McDaniel contended in
his motion for summary judgment that they established a five-year option period. K3
contended in its summary-judgment motion that they established either a month to month
extension, with a five year maximum, or a year to year extension, up to a maximum of five
years. The court found that they mean “with up to five (5) one (1) year extensions.” K3
asserts on appeal that the words are ambiguous and do not necessarily mean five one-year
extensions.
 

STANDARDS OF REVIEW
      We will apply two sets of standards in the review of this summary judgment.
summary judgments
      The standards for reviewing a summary judgment are well established. They are:
      (1)  The movant for summary judgment has the burden of showing that there is no genuine
issue of material fact and that the movant is entitled to judgment as a matter of law. 
 
      (2)  In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true. 
 
      (3)  Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in his favor. 

Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).
      Ordinarily when two opposing parties each file a motion for summary judgment and an
appeal results, the appellate court can "determine all questions presented, and may reverse the
trial court judgment and render such judgment as the trial court should have rendered,
including rendering judgment for the other movant." Jones v. Strauss, 745 S.W.2d 898, 900
(Tex. 1988); see also Tobin v. Garcia, 316 S.W.2d 396, 400 (Tex. 1958). However, we may
also reverse the judgment and remand the cause when we find that course proper. See Coker
v. Coker, 650 S.W.2d 391, 392 (Tex. 1983) (property settlement agreement that trial court
found unambiguous found ambiguous by Supreme Court and cause remanded for trier of fact
to resolve ambiguity); McCreight v. City of Cleburne, 940 S.W.2d 285, 288 (Tex.
App.—Waco 1997, writ denied) (disputed facts prevented legal determination of whether
condition was special or premises defect); Sosa v. Williams, 936 S.W.2d 708, 711 n.1 (Tex.
App.—Waco 1996, writ denied) (remand proper when competing motions were based on
different premises).
construction of contracts
      If a written instrument is so worded that it can be given a certain or definite legal meaning
or interpretation, then it is not ambiguous and the court will construe the contract as a matter
of law. R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517, 518-19 (Tex.
1980). A contract, however, is ambiguous when its meaning is uncertain or doubtful or it is
reasonably susceptible to more than one meaning. Skelly Oil Co. v. Archer, 163 Tex. 336, 356
S.W.2d 774, 778 (Tex. 1962). Whether a contract is ambiguous is a question of law for the
court to decide by looking at the contract as a whole in light of the circumstances present when
the contract was entered. R & P Enterprises, 596 S.W.2d at 518-19. The ambiguity must
become apparent when the contract is read in the context of surrounding circumstances, not
after parol evidence of intent is admitted to create an ambiguity. National Union Fire Ins. Co.
v. CBI Indus., Inc., 907 S.W.2d 517, 521 (Tex. 1995).
      In determining whether an agreement is ambiguous, courts should examine and consider
the entire writing in an effort to harmonize and give effect to all the provisions of the contract
so that none will be rendered meaningless. Universal C.I.T. Credit Corp. v. Daniel, 150 Tex.
513, 243 S.W.2d 154, 158 (1951). No single provision taken alone will be given controlling
effect; rather, all the provisions must be considered with reference to the whole instrument. 
Myers v. Gulf Coast Minerals Management Corp., 361 S.W.2d 193, 196 (Tex. 1962).
      A court may conclude that a contract is ambiguous even in the absence of such a pleading
by either party. Sage St. Assocs. v. Northdale Constr. Co., 863 S.W.2d 438, 445 (Tex.
1993). However, an ambiguity does not arise merely because the parties advance conflicting
interpretations. Grimes v. Andrews, 1999 WL 567094, *3, ——— S.W.2d ——— (Tex.
App.—Waco 1999, no pet.) (citing Kelley-Coppedge, Inc. v. Highlands Ins. Co., 980 S.W.2d
462, 464 (Tex. 1998)). When a contract contains an ambiguity, the granting of a motion for
summary judgment is improper because the interpretation of the instrument becomes a fact
issue. Harris v. Rowe, 593 S.W.2d 303, 306 (Tex. 1979). 
DETERMINATION OF THE ISSUE
      McDaniel urges us to affirm the judgment on the authority of Willeke v. Bailey, 144 Tex.
157, 189 S.W.2d 477 (1945). In Willeke, an opinion by the Texas Commission of Appeals
adopted by the Supreme Court, the parties had entered into two agreements concerning rental
of the property. Trial had been to a jury, but the jury was not asked which agreement was
executed first. The Commission found from the record that one of the agreements had been
executed after the other and thus controlled the decision. The later agreement provided that
the rental term was “for a period of eighteen months, with option of extension from year up to
five years from date.” The Commission concluded: “Undoubtedly the language of the contract
‘from year up to five years’ means from one year up to five years.” Noting that the lessee’s
continuing possession after the expiration of the primary term was sufficient to exercise the
right to extend when the agreement did not require formal notice of extension, the Commission
reformed the judgment to provide for annual renewals at the lessee’s option.
      We cannot agree that Willeke controls the disposition of this case. The language in the
K3-McDaniel lease is “a 1-5 yr. extension”; whereas the language in Willeke was “extension
from year up to five years from date.” Furthermore, the handwritten change, from a seven
year term “with 1-5 yr. extension” to “with a 1-5 yr. extension” must be given meaning. 
Universal C.I.T. Credit Corp., 243 S.W.2d at 158.
      Considering the inclusion of the word “a,” we do not believe that the lease can be
interpreted to mean “up to five (5) one (1) year extensions” as a matter of law, as found by the
court.


 National Union Fire Ins. Co., 907 S.W.2d at 521. Examining the lease in its entirety
in light of the standards set out above, we conclude that the words “with a 1-5 year extension”
cannot be given a certain or definite legal meaning or interpretation; thus they are ambiguous.
R & P Enterprises, 596 S.W.2d at 518. The summary judgment was improper. Harris, 593
S.W.2d at 306.
OTHER ISSUES
      K3 also asserts that the court erred in determining that McDaniel had exercised the option,
that the rental rate found by the court is not supported by the lease agreement, and that the
summary judgment is different from the judgment requested in McDaniel’s motion. Because 
our holding that the lease agreement is ambiguous will result in a trial to determine the intent
of the parties, we do not reach those issues.
CONCLUSION
      Summary judgment was inappropriate because a fact issue exists about the parties' intent
regarding the length of the extension period or periods stated in the lease agreement. Thus, we
reverse the judgment and remand the cause for trial.



                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Reversed and remanded
Opinion delivered and filed January 5, 2000
Publish