**Opinion issued November 29, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-11-00973-CV

—————————————

**CORNELIUS C. SULLIVAN JR. D.D.S., Appellant**

**V.**

**PETER T. TRIOLO JR. D.D.S., Appellee**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2007-11197**

---

## MEMORANDUM OPINION

Dr. Cornelius C. Sullivan Jr. appeals the trial court's rendition of a take-nothing judgment on his defamation claims against Dr. Peter T. Triolo Jr. Sullivan sued Triolo over two allegedly defamatory letters. Triolo moved for summary judgment on various defensive theories, which the trial court granted. On appeal,

Sullivan contends that the trial court erred by denying him the opportunity to depose Triolo and another witness and that Triolo did not establish his right to summary judgment as a matter of law. We affirm.

## Background

Since 1989, Sullivan worked as a non-tenured associate professor at the University of Texas Health Science Center at Houston—Dental Branch in the Department of Restorative Dentistry and Biomaterials. On August 15, 2003, Triolo, the chair of the department, wrote a letter about Sullivan to the Dental Branch's Faculty Appointment, Promotion, and Tenure Committee as part of the ordinary six-year review process for faculty. In the letter, Triolo expressed "serious concerns" about Sullivan's performance. Triolo stated that based on "student evaluations and my own personal observations" Sullivan's attendance had been inconsistent. Triolo summarized Sullivan's performance in the prior six years as, "at best, mediocre." At the six-year review, Sullivan received a "Satisfactory" rating, the highest available—the other ratings being "Satisfactory with Comment" and "Not Satisfactory."

In July 2004, Dr. Flaitz, Dean of the Dental Branch, notified Sullivan that his faculty appointment would not be renewed for the coming year. A few days later, Dr. Willerson, another member of the Dental Branch's administration, informed Sullivan that his appointment would end on August 31, 2004. Sullivan's

2

salary, however, was listed on the budget for the upcoming year in August 2004. Inquiring about the reasons for his termination, Triolo told Sullivan it was due to "budget problems." Several days later, though, Dean Flaitz informed Sullivan that his termination resulted from his "inadequate performance." On August 31, 2004, Triolo wrote another letter. This second letter, which was addressed to Dean Flaitz, stated, in its entirety:

> Dr. Cornelius Sullivan was notified last month that his appointment as a Clinical Associate Professor in the Department of Restorative Dentistry and Biomaterials with the University of Texas Dental Branch at Houston would not be renewed for the upcoming year. He did not submit a year-end activity report for the 2003-2004 school year in order for a faculty evaluation to be performed. However, Dr. Sullivan's faculty evaluation over the past few years has been in the bottom 10% of the faculty ratings.

In April 2005, Sullivan filed a complaint with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights. After receiving a right-to-sue letter, Sullivan sued the Dental Branch, Flaitz, Willerson, and Triolo concerning the events surrounding his termination. Initially, Sullivan brought suit in federal district court, but the court dismissed for lack of jurisdiction based on Eleventh Amendment immunity. Sullivan then filed this suit in state court, asserting causes of action against the Dental Branch for age discrimination in violation of the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act and for violation of his right to due process. Sullivan also sued Triolo, Flaitz, and Willerson for defamation.

3

The Dental Branch, Triolo, Flaitz and Willerson filed a plea to the jurisdiction. The trial court granted the plea to the jurisdiction, dismissing all of Sullivan's claims except for his defamation claims against the individuals. Sullivan appealed, and this court affirmed. *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston Dental Branch*, No. 01-08-00327-CV, 2008 WL 5179023, at *4 (Tex. App.—Houston [1st Dist.] Dec. 11, 2008, pet. denied), *cert. denied*, 130 S. Ct. 471 (2009). Triolo, Flaitz and Willerson filed motions for summary judgment on Sullivan's remaining claim for defamation. The trial court denied the motions. Flaitz alone appealed. This court reversed, holding that Flaitz conclusively established her defense of official immunity. *Flaitz v. Sullivan*, No. 01-10-00806-CV, 2011 WL 346213, at *5 (Tex. App.—Houston [1st Dist.] Feb. 3, 2011, pet. denied). Triolo again moved for summary judgment, asserting defenses of limitations, qualified privilege, immunity under Texas Labor Code section 103.004, and official immunity. The trial court granted the motion. Sullivan also nonsuited Willerson; thus, the trial court's rendering of summary judgment in favor of Triolo was a final judgment. Sullivan appeals.

**Motion to Compel Depositions and Motion for Continuance**

In his first issue, Sullivan argues that the trial court erred in denying his motion to compel depositions of Flaitz and Triolo and his motion for continuance,

4

denying him of the opportunity to discover summary judgment evidence before the August 24, 2011, summary judgment hearing.

"When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) (citing TEX. R. CIV. P. 166a(g)). The party seeking a continuance for additional discovery must, in the motion or accompanying affidavit, describe the evidence sought, state with particularity the diligence used to obtain the evidence, and explain why the continuance is necessary. TEX. R. CIV. P. 252; *West v. SMG*, 318 S.W.3d 430, 443 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Rocha v. Faltys*, 69 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.)). We review the trial court's ruling for an abuse of discretion. *West*, 318 S.W.3d at 443 (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002)). In determining whether the trial court abused its discretion, we may consider such factors as: (1) the length of time the case has been on file; (2) the materiality and purpose of the discovery sought; and (3) whether due diligence was exercised in obtaining the discovery. *Id.* (citing *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004)); *Levinthal v. Kelsey-Seybold Clinic, P.A.*, 902 S.W.2d 508, 510 (Tex. App.—Houston [1st Dist.] 1994, no writ).

5

We conclude that the record does not support Sullivan's contention that the trial court abused its discretion in denying Sullivan's motion for continuance. This case was filed in state court in February 2007.[1] The record does not show any attempt by Sullivan to take Triolo's or Flaitz's depositions until June 2010, more than three years after filing. This delay weighs against Sullivan. *See West*, 318 S.W.3d at, 443 (stating "no bright line rule exists regarding the length of time a case has been on file," but "Texas courts have overruled such motions in cases on file for fewer than nine months") (citing *Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 339–40 (Tex. App.—Dallas 2002, no pet.)). Sullivan also failed to demonstrate that he exercised due diligence during the three-year period. During this period, Sullivan requested and responded to written discovery, including requests for production of documents, and was himself deposed. The record however is silent concerning any efforts on Sullivan's part to take the depositions of Flaitz or Triolo.[2] Considering the length of the delay, we hold that the trial court

---

[1] Sullivan first filed suit relating to his termination in September 2005, in federal court.

[2] Sullivan's motion to compel and for continuance asserts that the trial court granted his motion to compel depositions in August 2010, but he was unable to take the depositions because, very shortly after the motion to compel was granted, Flaitz filed her interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (West Supp. 2012) (providing that interlocutory appeal of order denying summary judgment on immunity grounds "stays all other proceedings in the trial court pending resolution of that appeal"). But Sullivan presented no evidence showing his diligence during the three-year period between the time this state suit was filed in February 2007 and the time he moved to compel depositions in June 2010.

6

did not abuse its discretion in denying Sullivan's motion for continuance. *See id.* (holding party seeking continuance did not meet burden when 29 months had elapsed since filing, no evidence showed efforts to take depositions in timely manner, and affidavit in support of continuance did not explain witnesses' expected testimony, how it related to summary judgment, or that it was not available from another source).

We overrule Sullivan's first issue.

## Summary Judgment

In his remaining issues, Sullivan challenges the merits of the trial court's summary judgment ruling.

### A.   Standard of review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold

7

the trial court's judgment if any ground is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). In a traditional summary judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment on an affirmative defense must conclusively establish each element of the affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

## B. Official immunity

Within his third, fourth, and fifth issues, Sullivan contends that summary judgment was improper on Triolo's official immunity defense because Triolo did not conclusively establish that he acted in good faith and a fact issue remains on that question.

### 1. Law Pertaining to Official Immunity

Official immunity protects public officials from personal liability for their performance of: (1) discretionary duties (2) in good faith and (3) within the scope of their authority. *Tex. Dep't of Pub. Safety v. Rodriguez*, 344 S.W.3d 483, 488–89 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Telthorster v. Tennell*, 92

8

S.W.3d 457, 461 (Tex. 2002)). Sullivan does not dispute that Triolo was performing a discretionary duty within the scope of his authority, when he, as the chair of the department, wrote the two complained-of letters concerning the job performance of Sullivan, who was one of the professors in Triolo's department. The question of whether Triolo is protected by official immunity turns on whether he conclusively established that he acted in good faith when he wrote the two letters.

Whether an official's actions satisfy the good faith element of the official immunity defense requires the defendant official to prove that a reasonable official under the same or similar circumstances could have believed the defendant's conduct was justified. *Id.* (citing *City of Lancaster v. Chambers,* 883 S.W.2d 650, 656–57 (Tex. 1994)). If the official's proof satisfies this objective standard, "the nonmovant must meet 'an elevated standard of proof' to defeat the official immunity defense." *Id.* at 490 (quoting *Chambers*, 883 S.W.2d at 656). Specifically, "[t]he nonmovant must show that 'no reasonable official *could have thought* that the facts were such that they justified the official's conduct'"—that is, that a public official in the same or similar circumstances "could not have reasonably reached the decision in question." *Id.* (quoting *Chambers*, 883 S.W.2d at 657 & n.7). The official's acts are reviewed based on the information the

9

official possessed when the conduct occurred. *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 426 (Tex. 2004); *Rodriguez*, 344 S.W.3d at 491.

## 2. Analysis

Sullivan contends that Triolo did not establish that he acted in good faith or, alternatively, Sullivan's own evidence raises a fact issue on the question of good faith. In his affidavit in support of his motion for summary judgment, Triolo asserted that he based the content of the two letters on student evaluations and his personal observations of Sullivan's declining performance. Sullivan does not contend that it was unreasonable for the chair of the department to rely on student evaluations and his own observations in evaluating a faculty member. Rather, Sullivan responds that Triolo is not entitled to official immunity because no reasonable person in Triolo's position could have thought the facts were such that they justified Triolo's conduct. Specifically, Sullivan argues that in his six-year review he received the highest rating available, "Satisfactory." Sullivan contends that this "Satisfactory" rating contradicts Triolo's statement that Sullivan was in the bottom ten percent of faculty ratings and that he received reviews "at the bottom end of the departmental scale." Sullivan further argues that, because Triolo, as the chair of Sullivan's department, was aware of Sullivan's "Satisfactory" rating, Triolo knew the "bottom ten percent" statement and other allegedly defamatory statements were false when Triolo made them. Sullivan

10

contends that no reasonably prudent official in Triolo's position could have believed—based on the information he possessed when he wrote the letter—that he was justified in writing that Sullivan was in the bottom ten percent of faculty ratings, was receiving scores at the bottom end of the departmental scale, and that his performance had been "at best, mediocre."

Sullivan relied upon this same argument in his unsuccessful attempt to defeat Flaitz's assertion of official immunity. As this court pointed out in *Flaitz*, "there is no contradiction between the Committee's conclusion that from 1997 through 2003, Sullivan's performance overall was 'satisfactory' and Triolo's characterization that Sullivan's scores were some of the lowest in his department." *Flaitz*, 2011 WL 346213, at *5. In other words, all of the faculty in the department, including Sullivan, could have received "Satisfactory" ratings at their respective six-year reviews, but, when ranked against one another, Sullivan could have been in the bottom ten percent. Although Triolo attached a sheet showing the scores assigned to Sullivan by his department chairs, including Triolo, for the last eight years, we noted in *Flaitz*, as we do here, that neither Sullivan nor Triolo presented summary judgment evidence showing Sullivan's ranking among his peers. *See id.* Sullivan has presented no evidence showing that he was not in the bottom ten percent or that Triolo (or any reasonable official in Triolo's position) must have known that the statement concerning Sullivan's relative ranking among

11

his peers was false. Sullivan failed to meet his burden to produce evidence that no official under the same or similar circumstances as Triolo could have believed that he was justified in writing a letter to department officials noting that Sullivan was in the "bottom 10% of faculty ratings" or received reviews "at the bottom end of the departmental scale."[3] *See Rodriguez*, 344 S.W.3d at 489; *see also Flaitz*, 2011 WL 346213, *5; *Castillo v. Flores*, No. 01-05-00760-CV, 2006 WL 488609, at *4 (Tex. App.—Houston [1st Dist.[ Mar. 2, 2006, no pet.) (mem. op.) (holding good faith element of official immunity established in defamation case where defendant explained in affidavit she was top college administrator over plaintiff and allegedly defamatory letters were written to her superiors in response to question concerning plaintiff's performance); *Davila v. Flores*, 6 S.W.3d 788, 793 (Tex. App.—Corpus Christi 1999, no pet.) (noting that defendants met good faith element of official immunity defense to defamation claim by affidavit testimony showing reasonableness of their inquiry into plaintiff's conduct and dissemination of information as part of official duties, and plaintiff failed to offer any contradictory testimony).

We overrule Sullivan's third, fourth and fifth issues.

---

[3] We note that Sullivan, in addition to his own affidavit, included the affidavit of another Dental Branch employee, Dr. Mark Connelly. Connelly's affidavit, however, merely mirrors Sullivan's argument. In his affidavit, Connelly, opines that the statements in Triolo's letters are not supported because the Dental Branch gave Sullivan a "Satisfactory" rating on his six-year review.

**Conclusion**

We affirm the judgment of the trial court.


Rebeca A. Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.